**Electronically Filed
Supreme Court
SCWC-16-0000429
22-FEB-2019
08:22 AM**

SCWC-16-0000429

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

ANTHONY K. CHATMAN,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000429; FC-CR. NO. 02-1-0011; CR. NO. 02-1-2353)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Circuit Judge Chang, in place of Pollack, J., recused)

Petitioner/Defendant-Appellant Anthony K. Chatman

(Chatman) seeks review of the Intermediate Court of Appeals'

(ICA) Judgment on Appeal, which affirmed the Circuit Court of the

First Circuit's (circuit court) order denying Chatman's motion

for correction of the record and motion for disqualification.[1]

We affirm the ICA's Judgment with respect to Chatman's motion for

---

[1]     We construe these motions as Hawaiʻi Rules of Penal Procedure (HRPP)
Rule 40 petitions for post-conviction relief.

disqualification, but we vacate the Judgment with respect to

Chatman's motion for correction, vacate the circuit court's order

denying his motion for correction, and remand to the circuit

court for a HRPP Rule 40 evidentiary hearing on the motion for

correction.

On April 25, 2002, Respondent/Plaintiff-Appellee State

of Hawaiʻi (the State) filed a complaint charging Chatman with

attempted murder in the second degree when he,

> being the parent or guardian or any other person having
> legal or physical custody of [Minor], a person less than 18
> years of age, did intentionally engage in conduct which is a
> substantial step in a course of conduct intended or known to
> cause the death of [Minor], thereby committing the offense
> of Attempted Murder in the Second Degree

in violation of Hawaiʻi Revised Statutes (HRS) §§ 705-500 (1993),

707-701.5 (1993), and 707-656 (Supp. 1996). A jury trial

commenced on May 29, 2003.[2]

On June 17, 2003, Dr. Victoria Schneider

(Dr. Schneider), a pediatrician, was called by the State to

testify as an expert on child abuse. After describing the

injuries that the Minor suffered, Dr. Schneider asked if she

could share a slide show presentation on shaken baby syndrome

with the jury to explain how shaking could have caused the

Minor's injuries. Defense Counsel objected. After examining the

slides and concluding that they would not be misleading, the

---

[2]     The Honorable Karen S.S. Ahn presided over the trial and the HRPP
Rule 40 proceedings.

circuit court allowed Dr. Schneider to testify in conjunction with the slide presentation, and asked her to return the following morning on June 18, 2003 to begin her presentation. The court then adjourned for the day.

The June 18, 2003 trial transcript in the Record on Appeal does not contain Dr. Schneider's testimony on the slide show presentation.[3] Instead, the first page of the transcript begins with Defense Counsel's objection to Dr. Schneider's testimony. The trial transcript indicates Defense Counsel stated that Dr. Schneider "was rambling on and on, and it looked like a lecture [rather] than testimony in court." Defense Counsel therefore argued that "[Dr. Schneider's] rambling narrative had

---

[3] This omission in the trial transcript contrasts with the HAJIS case summary in the Record on Appeal, which notes that on June 18, 2013, the following occurred:

> 9:04 A.M. CASE CALLED IN PRESENCE OF COUNSEL, DPA/D. OYASATO, CA/C. KANAI AND DEFT ONLY RE: COURT'S INQUIRY OF STATE'S OFFER OF PROOF AS TO WHAT DR. SCHNEIDER'S OPINION WILL BE. COURT NOTED IT WAS NOT AWARE DOCTOR WAS ALSO THE TREATING PHYSICIAN.
>
> COURT'S RECORD MADE. DOCTOR WILL BE PROHIBITED FROM EXPRESSING AN OPINION AS TO THE CREDIBILITY OF THE MOTHER OR WHO MAY HAVE CAUSED INJURIES.
> 9:21 A.M. JURY PRESENT; CASE CALLED; APPEARANCES NOTED.
> 9:22-10:31 A.M. FURTHER TESTIMONY OF DR. SCHNEIDER.
> 9:23-9:32 A.M. [SHAKEN BABY SYNDROME] SLIDE SHOW PRESENTATION PREPARED BY DR. SCHNEIDER.
> 10:31 A.M. RECESS.
> 10:49 A.M. RECONVENED W/COUNSEL & DEFT ONLY RE: DEFT'S OBJECTION TO WITNESS TESTIFYING AS TO THE "HISTORY" PROVIDED BY MOTHER AND DEFT'S FURTHER OBJECTION TO THE WITNESS "RAMBLING NARRATIVE" DURING THE SLIDE SHOW PRESENTATION. DEFENDANT'S ORAL MOTION FOR JUDGMENT OF ACQUITTAL - DENIED.
> 10:55 A.M. JURY PRESENT.

3

an undue prejudicial impact on the Defense.  And for that reason, I would request a mistrial –- in this area or in combination with other areas."  The circuit court denied Chatman's motion for mistrial, but stated "your record is preserved."  At that point, Defense Counsel began his cross-examination of Dr. Schneider.

On June 30, 2003, the jury found Chatman guilty of attempted murder in the second degree.  Chatman appealed his conviction and sentence to this court.  We denied Chatman's ineffective assistance of counsel claims, without prejudice to filing a HRPP Rule 40 petition on those claims in the future, and we affirmed his attempted murder in the second degree conviction. State v. Chatman, No. 26763, 2006 WL 2236740 (Haw. Aug. 3, 2006) (mem.).

Chatman filed his first HRPP Rule 40 petition for post-conviction relief in 2008.  Therein, Chatman alleged that trial counsel was ineffective for failing to secure the presence or testimony of a witness at trial.  The circuit court denied Chatman's petition without a hearing.  The ICA affirmed. Chatman v. State, No. 29504, 2010 WL 1056079 (App. Mar. 24, 2010) (SDO). Chatman did not apply for a writ of certiorari at that time.

In 2015, Chatman filed two motions in the circuit court

4

which we construe as additional HRPP Rule 40 petitions.[4]  On May 18, 2015, Chatman filed a Motion for Correction or Modification of the Record (Motion for Correction), and on September 10, 2015, Chatman filed a Motion for Disqualification. On April 28, 2016, the circuit court denied both motions without holding a hearing.  The ICA affirmed.  Chatman filed an application for writ of certiorari.

We vacate in part the ICA's Judgment on Appeal with respect to Chatman's Motion for Correction.  Chatman argued in his Motion for Correction that the record contained no evidence of Dr. Schneider's testimony on the slide show presentation. Chatman further stated:

> [A]s a result of the missing transcript, his due process right to a record on appeal; which includes a complete transcript of the proceedings at trial, will continue to be prejudiced by his inability to make substantive claims, relating to Dr. Schneider's Powerpoint presentation, in any future post-conviction or habeas proceedings.

In his application for writ of certiorari, Chatman contends that he "met his burden of proving the existence of 'extraordinary circumstances' pursuant to H.R.P.P., Rule 40 (a)(3)" because he was unaware of the missing part of Dr. Schneider's June 18, 2003 testimony until approximately two years after he filed his first

---

[4]    Because HRPP Rule 40(a) specifically provides that "[t]he post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose," we agree with the ICA that Chatman's Motion for Correction and Motion for Disqualification should be construed as petitions for post-conviction relief pursuant to HRPP Rule 40. (Emphasis added.)

HRPP Rule 40 Petition.

Because Chatman did not knowingly or understandingly fail to raise this issue in a prior proceeding, and because he has asserted a colorable claim that this missing trial transcript prejudiced his appeal, we conclude that Chatman is entitled to an evidentiary hearing pursuant to HRPP Rule 40(f) on his Motion for Correction.[5]

---

[5]    HRPP Rule 40 (2006) provides in relevant part:

> (a) <u>Proceedings and grounds</u>.  The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis; provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal.  Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:
>> (1) **From Judgment**.  At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction . . . .
>>
>> . . . .
>>
>> (3) **Inapplicability**.  Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.  Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue.  There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.
>>
>> . . . .
>>
>> (f) <u>Hearings</u>.  If a petition alleges facts that if

(continued...)

It is true that Chatman did not attempt to correct the record on direct appeal or in his first HRPP Rule 40 petition. HRPP Rule 40(a)(3) provides that "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived." There is also "a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure." HRPP Rule 40(a)(3).

But here, Chatman presents facts sufficient to rebut the presumption that he "knowingly and understandably" failed to raise the claim previously. Chatman notes that he was only made aware of the missing portion of the June 18, 2003, trial transcript when his appellate attorney released the transcripts of the proceedings to him in 2010, after his first HRPP Rule 40 petition was denied without a hearing.

Chatman could not have raised any claim that the trial transcript was incomplete, nor could he have filed a motion for correction of the record under Hawaiʻi Rules of Appellate

[5](...continued)
>
> proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.

Procedure (HRAP) Rule 10(e),[6] until he saw the trial transcripts.

Therefore, on this record, Chatman has presented facts sufficient

to rebut the presumption that he knowingly and understandably

waived the right to correct the record.  See De La Garza v.

State, 129 Hawaiʻi 429, 443, 302 P.3d 697, 711 (2013)

(determining that because the HRPP Rule 40 petitioner did not

have any opportunity to raise the issue of the Hawaiʻi Paroling

Authority's nondisclosure of evidence in any other proceeding

actually conducted, he "presented facts sufficient to rebut the

presumption that he knowingly and understandingly waived the

issue").

Furthermore, we conclude that Chatman has asserted a

colorable claim that Dr. Schneider's missing trial testimony may

have specifically prejudiced his appeal.  On the issue of

incomplete trial records, this court has previously stated that

"[t]he general rule is that where the transcripts of a

defendant's trial are incomplete because they omit portions of

---

[6]     HRAP Rule 10(e) (2012) provides in relevant part:

(e) Correction or modification of the record.

. . . .

> (2) If anything material to any party is omitted from the record
> by error or accident or is misstated therein, corrections or
> modifications may be as follows:
>       (A) by the stipulation of the parties; or
>       (B) by the court or agency appealed from, either before or
>       after the record is transmitted; or
>       (C) by direction of the appellate court before which the
>       case is pending, on proper suggestion or its own initiative.

the trial proceedings, such omissions do not mandate reversal unless they specifically prejudice the defendant's appeal." State v. Kiese, 126 Hawai'i 494, 508, 273 P.3d 1180, 1194 (2012).

Here, while Defense Counsel made an oral motion for a mistrial following Dr. Schneider's testimony and the circuit court assured Chatman that "your record is preserved," the testimony which was objected to was not preserved. This omission may have specifically prejudiced Chatman's appeal. See id. As such, Chatman's Motion for Correction alleges facts that if proven would entitle Chatman to relief, i.e., correction or modification of the record. The circuit court erred in denying Chatman's Motion for Correction without a hearing. The ICA similarly erred in affirming the circuit court's order on this claim.

However, the ICA did not err in affirming the circuit court's order denying Chatman's Motion for Disqualification. Because the circuit court judge in this case has retired, the judge will not preside over any further proceedings involving Chatman. Accordingly, Chatman's Motion for Disqualification is moot. See State v. Fukusaku, 85 Hawai'i 462, 474-75, 946 P.2d 32, 44-45 (1997) ("[T]he mootness doctrine is properly invoked where events have so affected relations between the parties that the two conditions for justiciability relevant on appeal—adverse

9

interest and <u>effective remedy</u>—have been compromised." (emphasis added)).

Accordingly, we vacate in part the ICA's May 14, 2018 Judgment on Appeal and vacate in part the circuit court's "Order Denying Motion for Correction or Modification of the Record Filed May 18, 2015 and Motion for Disqualification Filed September 10, 2015." We remand the case to the circuit court for a HRPP Rule 40 evidentiary hearing on Chatman's Motion for Correction, in which the circuit court should determine, pursuant to HRAP Rule 10(e), whether correction or modification of the record is appropriate. We affirm in part the ICA's Judgment on Appeal affirming the circuit court's order denying Chatman's Motion for Disqualification.

DATED: Honolulu, Hawaiʻi, February 22, 2019.

| | |
|---|---|
| Anthony K. Chatman, petitioner/defendant-appellant pro se | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Stephen K. Tsushima for respondent State of Hawaiʻi | /s/ Sabrina S. McKenna |
| | /s/ Michael D. Wilson |
| | /s/ Gary W.B. Chang |

